IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

MARICUS M. LOVE                         :

   Petitioner                           :

      v.                                :           Civil Action No. WDQ-06-855

WARDEN                                  :

   Respondent                           :

o0o

**MEMORANDUM**

Maricus M. Love, a federal prisoner, has sent correspondence to the Court questioning the calculation of credits received for time served against his federal sentence. Inasmuch as this correspondence pertains to the execution of his federal sentence, it will be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and dismissed without prejudice.

The calculation of credit for time served against a federal sentence is governed by 18 U.S.C. §3585. The Attorney General, through the Bureau of Prisons (BOP), is responsible for implementing this provision. See United States v. Wilson, 503 U.S. 329 (1992). Once administrative remedies available through the BOP are exhausted, a prisoner may seek judicial review of his jail time credits by filing a habeas petition under 28 U.S.C. §2241. See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (holding that a claim for jail time credits should be brought under §2241). A § 2241 petition must then be brought in the judicial district where the petitioner is in custody. See 28 U.S.C. §2241(a); See Braden v. 30th Judicial Circuit, 410 U.S. 484, 495-500 (1973); In re Jones, 226 F.3d 328, 332-333 (4th Cir. 2000).

In the instant matter, Petitioner does not state whether he has availed himself of available BOP administrative remedies. Further, assuming *arguendo* that he has exhausted his administrative

remedies, he must file his motion in the judicial district where he is confined. In this case, Petitioner is in the custody of the Warden at the Loretto Federal Prison Camp which is in the jurisdiction of the United States District Court for the Western District of Pennsylvania.

For these reasons, the petition will be dismissed without prejudice so that Petitioner may pursue available administrative remedies or refile this action in the appropriate district court. A separate Order shall be entered in accordance with this Memorandum.

April 5, 2006                                                    /s/
Date                                               William D. Quarles, Jr.
                                                    United States District Judge